IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO. 6:08-00243

JENNIFER MICHELLE LONGWELL
    also known as "JENNIFER MICHELLE HUGHART"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Defendant's Motion for New Trial (Doc. 55). For the reasons explained below, it is **DENIED**.

**Background**

Trial in this matter began on April 7, 2009, with twelve jurors and one alternate. On April 8, 2009, the defendant took the stand in her own defense. During cross-examination the Court informed both the United States Attorney and defense counsel of an urgent phone call from defense counsel's wife. Upon taking the call, counsel learned his father, who lives in New Jersey, was gravely ill. After consultation with the United States, defense counsel, and Defendant, the Court postponed the remainder of trial to the following week.

During the postponement of trial, two jurors indicated to the Court that they would not be able to return for a resumption of trial. The Court notified the parties and, pursuant to Fed. R. Crim P. 23(b)(2)(B), asked them to stipulate in writing whether they would or would not consent to proceed with only eleven jurors. Both the United States and Defendant stipulated to continue the trial with eleven jurors.

On April 15, 2009, the parties assembled for the resumption of trial. Just prior to the jury's return to the box, the Court informed defense counsel of an *ex parte* motion filed by the United States the previous day. The United States had requested disclosure of tax return information for the Defendant from the years 2000 through 2004. The government intended to use this information in its cross-examination of Defendant. Upon learning that the United States had obtained this information, Defendant moved the Court to withdraw her stipulation to proceed with only eleven jurors.[1] The Court denied the motion to withdraw Defendant's stipulation and allowed limited use of the tax information during cross-examination. The trial concluded on April 15, 2009, when the jury returned a verdict finding Defendant guilty of all charges in the indictment. Defendant filed the instant motion for new trial on April 21, 2009.

## Analysis

Federal Rule of Criminal Procedure 33 allows a court to grant a new trial "if the interest of justice so requires." Defendant argues that new trial is warranted because the court allowed the trial to proceed with fewer than twelve jurors over her objection.

Trial by jury is a fundamental component of the criminal justice system in the United States. *U.S. v. Curbelo,* 343 F.3d 273, 285 (4th Cir. 2003). To protect this right, the Federal Rules of Criminal Procedures have set up safeguards limiting the circumstances under which a trial may proceed or verdict may be delivered with less than twelve jurors. Fed. R. Crim. P. 23. The Fourth Circuit Court of Appeals has specifically held that violation of this rule is a structural error requiring automatic reversal. *Curbelo*, 343 F3d. at 285 ("the court's decision to excuse the twelfth juror prior

---

[1] Because I, as the presiding judge, was not available on April 14, 2009, the *ex parte* motion was heard by the Honorable John T. Copenhaver. Judge Copenhaver granted the government's motion, which allowed the United States access to the requested information.

to deliberations and absent defendant's consent falls into the special category of errors that 'defy analysis by harmless-error standards' and require automatic reversal . . . .)

Because of the stringency of review, Defendant need only show a violation of Rule 23 in order to receive a new trial. Defendant, however, cannot make such a showing. The Rule provides,

> [a]t any time before the verdict, the parties may, with the court's approval, stipulate in writing that: (A) the jury may consist of fewer than 12 persons; or (B) a jury of fewer than 12 persons may return a verdict if the court finds it necessary to excuse a juror for good cause after the trial begins.

Fed. R. Crim. P. 23(b)(2). Once a stipulation has been entered a defendant cannot withdraw it unilaterally. *U.S. v. Smith*, 523 F.2d 788 (5th Cir. 1975); *U.S. v. Yonn*, 702 F.2d 1341, 1346 (11th Cir. 1983) (both rejecting a defendant's attempt to withdraw from such a stipulation). Here, Defendant stipulated to a trial of fewer than twelve members, then sought to withdraw that stipulation in light of an adverse evidentiary ruling. The Court had discretion to deny the motion. Because the motion failed, the stipulation stood. The trial conformed to Rule 23 of the Federal Rules of Criminal Procedure; the continuation of trial with less than a twelve member jury is not grounds for new trial.

### Conclusion

For the above stated reasons, Defendant's Motion for New Trial (Doc. 55) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 6, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE